## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL MANATT AND<br>GAREN MEGUERIAN | : | |
| | : | CIVIL ACTION **19  1163** |
| Plaintiffs, | : | NO. |
| v. | : | |
| | : | **FILED** |
| UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY, | : | MAR 19 2019 |
| | : | KATE BARKMAN, Clerk |
| and | : | By _____ Dep. Clerk |
| UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES, | : | |
| | : | |
| Defendants. | : | |
| | : | |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs Daniel Manatt and Garen Meguerian, by way of their Complaint against

Defendants the Department of Homeland Security (DHS) and United States Citizenship and

Immigration Services (USCIS), a component of DHS, hereby states:

### INTRODUCTION

1.　　This action is brought under the Freedom of Information Act (FOIA), 5 U.S.C.

§552, to compel the USCIS to produce records responsive to a FOIA request for records

concerning the so-called "Zero-Tolerance Policy for Criminal Illegal Entry" (Zero-Tolerance

Policy) announced by the Department of Justice on or about April 6, 2018.

### JURISDICTION & VENUE

2.　　This Court has jurisdiction under 28 U.S.C. §1331 and 5 U.S.C. §552(a)(4)(B).

3.　　Venue lies in the United States District Court for the Eastern District of

Pennsylvania under 5 U.S.C. §552(a)(4)(B) and 28 U.S.C. §1391(e)(1).

1

## PARTIES

4.      Plaintiff Daniel Manatt is an adult individual, an attorney and a documentary filmmaker residing in the Bethesda, Maryland.

5.      Plaintiff Garen Meguerian is an adult individual and an attorney residing in Chester County, Pennsylvania – within the jurisdictional limit of this Court.

6.      Plaintiffs submitted the FOIA request at issue.

7.      Defendant DHS is an agency of the United States, and defendant USCIS is a component of defendant DHS; Defendants have possession of and control over the records sought by the Plaintiffs.

## FACTUAL BACKGROUND

8.      On or about October 9, 2018, Plaintiffs submitted a FOIA request to USCIS, seeking copies of certain communications pertaining to the Zero-Tolerance Policy.

9.      Specifically, Plaintiffs requested:

1.      Any and all records reflecting communications with Lee Francis Cissna concerning the so-called "Zero-Tolerance Policy for Criminal Illegal Entry" announced by the Department of Justice on or about April 6, 2018 (hereinafter "Zero-Tolerance Policy").

2.      Any and all records reflecting communications by and between USCIS Leadership and the Department of Justice concerning the Zero-Tolerance Policy.

3.      Any and all records reflecting communications by and between USCIS Leadership and the Trump Administration concerning the Zero-Tolerance Policy.

4.      Any and all records reflecting communications by and between USCIS Leadership concerning the anticipated detention of children as an anticipated result of the Zero-Tolerance Policy.

5.      Any and all records reflecting communications by and between USCIS Leadership concerning the anticipated separation of children from their parents as an anticipated result of the Zero-Tolerance Policy.

6.      Any and all records reflecting any objections by USCIS Leadership to the implementation of the Zero-Tolerance Policy and/or the detention of children or the separation of children from their parents.

7.      Any and all records reflecting communications at USCIS Leadership concerning the consistency or inconsistency of the Zero-Tolerance Policy with international law.

8.      Any and all records reflecting communications by and between USCIS Leadership concerning the consistency or inconsistency of the Zero-Tolerance Policy with the laws and regulations of the United States.

9.      Any and all records reflecting communications by and between USCIS Leadership concerning efforts to reunite children with parents, separated as a result of the Zero-Tolerance Policy.

10.     Any and all records reflecting communications between USCIS Leadership and the US Health and Human Services Department / Office of Refugee Resettlement concerning the Zero-Tolerance Policy.

11.     Any and all records concerning any justification(s) offered for the separation of children from their parents as a result of the Zero-Tolerance Policy.

12.     Any and all records reflecting communications between USCIS Leadership and the Department of Homeland Security concerning the Zero-Tolerance Policy.

13.     Any and all communication by and between USCIS Leadership and Stephen Miller, who serves as a senior advisor for policy for President Trump, concerning the Zero-Tolerance Policy, the detention of children, and/or the separation of children from their parents.

14.     Any and all records reflecting communications between USCIS Leadership and the Customs and Border Patrol concerning the Zero-Tolerance Policy.

15.     Any and all records reflecting communications between USCIS Leadership and the US Immigration and Customs Enforcement concerning the Zero-Tolerance Policy.

16.     Any and all records reflecting communications between USCIS Leadership and the Department of Defense concerning the Zero-Tolerance Policy.

17.     Any and all records reflecting communications between USCIS Leadership and any elected officials from the States of Texas, Arizona and California concerning the Zero-Tolerance Policy.

18.     Any and all records reflecting communications between USCIS Leadership and any private contractors operating under the color of federal authority,

including but not limited to MVM, Southwest Key Programs and General Dynamics, concerning the Zero-Tolerance Policy.

19. Any and all communication by and between Lee Francis Cissna and Stephen Miller, who serves as a senior advisor for policy for President Trump, concerning immigration.

20. Any and all records reflecting communications between USCIS Leadership and the National Security Council concerning the Zero-Tolerance Policy.

21. Any and all records reflecting communications between USCIS Leadership and the Domestic Policy Council concerning the Zero-Tolerance Policy.

22. Any and all records reflecting an analysis of the anticipated or actual impact of the Zero Tolerance Policy on Flores Settlement Agreement.

23. Any and all records supporting or undermining the statement that "[f]amily groups are one of the most challenging populations to the integrity of the immigration enforcement system" – made in the announcement to the Zero-Tolerance Policy.

24. Any and all records supporting or undermining the statement that "[DHS] continues to diligently pursue numerous pathways to address this flow [of immigrants] consistent with our laws, in coordination with federal interagency, departmental and foreign partners" – made in the announcement to the Zero-Tolerance Policy.

25. Any and all records reflecting communications by and between USCIS Leadership concerning the consistency or inconsistency of the Zero-Tolerance Policy with the 8th Amendment to the Constitution of the United States.

26. Any and all records reflecting communications by and between USCIS Leadership concerning the consistency or inconsistency of the Zero-Tolerance Policy with the 14th Amendment to the Constitution of the United States and Title VII of the Civil Rights Act.

27. Any and all records reflecting communications by and between USCIS Leadership concerning the consistency or inconsistency of the Zero-Tolerance Policy with the Refugee Act of 1980.

28. Any and all records reflecting communications by and between USCIS Leadership concerning the consistency or inconsistency of the Zero-Tolerance Policy with the United Nations 1951 Convention and the 1967 Protocol.

10. A true and correct copy of Plaintiffs' October 9, 2018 FOIA request is attached hereto as Exhibit "A".

11. Plaintiffs included a request for a waiver of all fees in their FOIA request.

4

12.     USCIS did not respond to or even acknowledge the FOIA request.

13.     On December 20, 2018, Plaintiffs wrote to USCIS's FOIA Officer Jill Eggleston, enclosing another copy of the FOIA request, and demanding a response within the time permitted under 5 U.S.C. §552.

14.     A true and correct copy of Plaintiffs' December 20, 2018 correspondence is attached hereto as Exhibit "B".

15.     On or about January 2, 2019, an individual purporting to be from USCIS called Plaintiff Meguerian to state that USCIS was working to compile the responsive records.

16.     Nearly six months have passed since USCIS received Plaintiffs' FOIA request, and USCIS has neither made a final determination nor produced any records in response to Plaintiffs' request.

**COUNT I**
**<u>FOIA – Failure to Disclose Responsive Records</u>**

17.     Plaintiffs incorporate the preceding paragraphs of their complaint as though fully set forth herein at length.

18.     Under 5 U.S.C. §552(a)(6)(C)(i), Plaintiffs have exhausted all administrative remedies with respect to their October 9, 2017 FOIA request.

19.     Plaintiffs have a statutory right under FOIA, 5 U.S.C. §552(a)(3)(A), to the records they requested and there is no legal basis for Defendants' failure to disclose them.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiffs request that this Court:

A.     Declare that Defendants' withholding of the requested records is unlawful;

B.     Order Defendants to make the requested records available to Plaintiffs at no cost and without delay;

5

C.   Award Plaintiffs their costs and reasonable attorneys' fees pursuant to 5 U.S.C. §552(a)(4)(E); and

D.   Grant such other and further relief as this Court may deem just and proper.

GAREN MEGUERIAN, ATTORNEY AT LAW, LLC

March 18, 2019

By: Garen Meguerian, Esquire
PA ID No. 78588
21 Industrial Boulevard, Suite 201
Paoli, Pennsylvania, 19301
gm@garenmlaw.com
(610) 590-2176
Attorney for Plaintiffs

JS 44 (Rev. 06/17)

## CIVIL COVER SHEET

**19   1163**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Daniel Manatt & Garen Meguerian

### DEFENDANTS
US Dept. of Homeland Security & US Citizenship and Immigration Services

**(b)** County of Residence of First Listed Plaintiff   Montgomery County, MD
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   District of Colombia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Garen Meguerian, Attorney at Law, LLC
21 Industrial Blvd, Suite 201
Paoli, PA 19301

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☐ 3   Federal Question *(U.S. Government Not a Party)*
- ☒ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☒ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
5 U.S.C. 552
Brief description of cause:
Plaintiffs seek records responsive to FOIA requests

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE
03/17/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

MAR 19 2019

WB

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

19-CV-1163

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:  Daniel Manatt, 440 Highland Ave  Bethesda, MD 20814 / Garen Meguerian, 129 Magnolia Dr , Phoenixville, PA 19460

Address of Defendant:  USDHS, 301 7th St  SW, Washington, DC 20528 / USCIS, 20 Massachusetts Ave  NW, Washington, DC 20529

Place of Accident, Incident or Transaction:  Pennsylvania / DC

---

**RELATED CASE, IF ANY:**   N/A

Case Number _ _ _ _ _ _ _        Judge _ _ _ _ _ _ _        Date Terminated _ _ _ _ _ _

Civil cases are deemed related when *Yes* is answered to any of the following questions

| | | | | | |
|---|---|---|---|---|---|
| 1 | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☐ |
| 2 | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☐ |
| 3 | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☐ |
| 4 | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☐ |

I certify that, to my knowledge, the within case ☒ **is** ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE  03/17/2019 _ _ _ _        78588

_____        _____
Attorney-at-Law / Pro Se Plaintiff        Attorney I D # (if applicable)

---

**CIVIL: (Place a ✔ in one category only)**

**A.**   *Federal Question Cases.*

- ☐ 1  Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2  FELA
- ☐ 3  Jones Act-Personal Injury
- ☐ 4  Antitrust
- ☐ 5  Patent
- ☐ 6  Labor-Management Relations
- ☐ 7  Civil Rights
- ☐ 8  Habeas Corpus
- ☐ 9  Securities Act(s) Cases
- ☐ 10  Social Security Review Cases
- ☒ 11  All other Federal Question Cases
  *(Please specify)*   FOIA - 5 U S C  552 _ _

**B.**   *Diversity Jurisdiction Cases.*

- ☐ 1  Insurance Contract and Other Contracts
- ☐ 2  Airplane Personal Injury
- ☐ 3.  Assault, Defamation
- ☐ 4  Marine Personal Injury
- ☐ 5  Motor Vehicle Personal Injury
- ☐ 6  Other Personal Injury *(Please specify)* _ _ _ _ _
- ☐ 7  Products Liability
- ☐ 8  Products Liability – Asbestos
- ☐ 9  All other Diversity Cases
  *(Please specify)* _ _ _ _ _

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration )*

I,  Garen Meguerian _ _ _ _ _ _ , counsel of record *or* pro se plaintiff, do hereby certify

☐  Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☒  Relief other than monetary damages is sought

DATE  03/17/2019 _ _ _ _        78588

_____        _____
Attorney-at-Law / Pro Se Plaintiff        Attorney I D # (if applicable)

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F R C P  38

MAR 19 2019

Civ 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Daniel Manatt & Garen Meguerian | : | CIVIL ACTION |
| v. | : | **19    1163** |
| US. Department of Homeland Security and | : | |
| US Citizenship and Immigration Services | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus - Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X)

| | | |
|---|---|---|
| 3/17/19 | Garen Meguerian | Plaintiffs Manatt & Meguerian |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610.590.2176 | 480.247.5804 | gm@garenmlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAR 19 2019