IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANIEL MANATT, et al.,** | : |
| *Plaintiffs,* | : |
| | : Case No. 2:19-cv-01163-JDW |
| v. | : |
| **UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,** | : |
| *Defendants.* | : |

### MEMORANDUM

On July 20, 2020, the Court ordered the U.S. Customs and Immigration Service to submit for *in camera* review several documents listed on its *Vaughn* index, for which it asserted an applicable FOIA exemption. The Court has reviewed those documents, and it now provides its decision concerning each.

- *Document No. 14*: USCIS has redacted from Document No. 14 discussions about information that its employees should include in talking points about various immigration-related proceedings. The Court has held that the deliberative process privilege extends to deliberations about public statements. (ECF No. 26 at 12.) This document qualifies, and USCIS can maintain its redactions.

- *Document No. 15*: USCIS has redacted emails on pages 295 and 296. Those emails discuss the way that USCIS would address publicly a recent policy change. Those emails are both pre-decisional and deliberative. The deliberative process privilege therefore applies to them. USCIS has also redacted on pages 208 and 220 portions of a memo that the Secretary of Homeland Security signed, highlighting options that DHS personnel discussed but did not recommend. Those options were both pre-decisional and deliberative. The deliberative process privilege therefore

applies to them. On pages 205 and 217, USCIS has redacted an email from Juliana Blackwell, noting that the Secretary signed a memorandum and discussing the method of transmission. That email is neither pre-decisional nor deliberative. Therefore, USCIS must produce a revised version of Document No. 15, removing the redactions of Ms. Blackwell's email on pages 205 and 217.

- *Document No*. 30: USCIS has redacted from this document several emails discussing the proper interpretation of a memorandum that the Secretary issued. The emails are deliberative and pre-decisional, in that they inform both enactment of the policy and public discussion of that policy. The deliberative process privilege applies to them. However, an email on page 554 from Tracy Short dated May 7, 2018, at 7:21 p.m. is neither pre-decisional nor deliberative. Instead, it attaches the Secretary's memorandum and summarizes the new policy. USCIS therefore must produce a revised version of Document No. 30, removing the redaction of Ms. Short's email on page 554.

- *Document Nos*. *35 and 93*: Each of these documents summarizes a Congressional hearing. Neither includes any commentary. They are neither pre-decisional nor deliberative. USCIS must provide them to Plaintiffs.

- *Document No*. 50*:* This document appears to contain two PowerPoint slides that describe "humanitarian parole" and discuss the status of one particular applicant. The slides summarize facts. It is not clear if they are pre-decisional because it is not clear whether the author was considering the case that the slides discuss. Either way, the slides are not deliberative; they are only factual. Therefore, USCIS must provide this document to Plaintiffs.

- *Document No. 105*: This document contains minutes of a meeting of a cross-departmental committee that discussed immigration policy. It discusses action items and provides

status updates. It is both pre-decisional and deliberative and is therefore subject to the deliberative process privilege. USCIS may withhold it.

- *Document No*. 137: This document is a single email that attaches a hearing of a Senate Finance Subcommittee hearing. It does not contain any information that is pre-decisional or deliberative. USCIS must provide a copy to Plaintiffs.

- *Document No*. 146: These emails discuss how USCIS personnel should respond to an article and questions from the press. It is pre-decisional and deliberative in that it discusses potential future statements. The deliberative process privilege applies to this document, and USCIS can withhold it.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
Hon. Joshua D. Wolson
United States District Judge